UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

UNITED STATES OF AMERICA,

                                    **ORDER**
            - against -            22-CR-364 (MKB)

HARBIR PARMAR,

                    Defendant.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On March 11, 2019, Defendant Harbir Parmar pleaded guilty in the United States District Court for the Southern District of New York to one count of kidnapping, in violation of 18 U.S.C. § 1201, and one count of wire fraud, in violation of 18 U.S.C. § 1343.  (Indictment 1–2, Docket Entry No. 4-1; Min. Entry dated Mar. 11, 2019, *United States v. Parmar*, No. 18-CR-877 (S.D.N.Y. Mar. 11, 2019) (reflecting plea of guilty as to counts 1 and 2 of the Indictment).)  On June 24, 2019, Judge Vincent L. Briccetti sentenced Parmar to thirty-six months in custody on each count, to run concurrently, followed by three years of supervised release.  (Judgment 1–3, Docket Entry No. 4-2.)  In addition, Judge Briccetti ordered Parmar to pay $3,642 in restitution. (*Id.* at 6–7; Order of Restitution, *United States v. Parmar*, No. 18-CR-877 (S.D.N.Y. June 27, 2019).)  On March 3, 2021, Parmar was released from custody to a halfway house and commenced supervised release on April 7, 2022.  (Consent Mot. for Early Termination of Supervised Release ("Consent Mot.") 1, Docket Entry No. 11; Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed July 9, 2024) (indicating release date of April 7, 2022).)  On August 15, 2022, Parmar's supervision was transferred to the Eastern District of New York.  (*See* Transfer of Jurisdiction, Docket Entry No. 2.)  On May 9, 2024,

Parmar moved for early termination of supervision pursuant to 18 U.S.C. § 3583(e)(1).  (*See* Def.'s Mot. for Early Termination of Supervised Release ("Def.'s Mot."), Docket Entry No. 5.) On May 20, 2024, Probation filed a Report on Person Under Supervision recommending early termination.  (Report on Person Under Supervision ("Probation Rep.") 3, Docket Entry No. 6.) On June 21, 2024, counsel for Parmar filed a consent motion indicating that the government consents to the request.  (Consent Mot. 1.)  Parmar is scheduled to complete his term of supervision in April of 2025, in approximately nine months.  (Probation Rep. 3.)

For the reasons discussed below, the Court grants Parmar's motion for early termination of supervision.

## I.  Discussion

### a.  Standard

A district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In deciding whether to grant early termination of supervision, the court is required to consider the "factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  *Id.* § 3583(e).[1]

---

[1]  Although 18 U.S.C. § 3583(e)(1) is not identical to the statute permitting early termination of probation, *see* 18 U.S.C. § 3564(c), courts treat the statutes as if they are interpreted *in pari materia* and apply decisional law interpreting one statute to motions brought pursuant to the other.  *See, e.g.*, *United States v. Solano*, No. 19-CR-17, 2023 WL 4599937, at *1–2 (E.D.N.Y. July 18, 2023); *United States v. Leone*, No. 02-CR-528, 2013 WL 867527, at *2 n.3 (E.D.N.Y. Mar. 4, 2013) ("While [*United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997)] regards a request for modified supervised release, both *Lussier* and the present case regard the [c]ourt's power to terminate after considering the [s]ection 3553 factors."); *United States v. Simon*, No. 09-CR-118, 2012 WL 4842249, at *1–2 (S.D.N.Y. Oct. 10, 2012) (applying the *Lussier* standard in context of a motion pursuant to 18 U.S.C. § 3564(c)); *see also United States v. Wachsman*, No. 04-CR-902, 2008 WL 5042842, at *1 (E.D.N.Y. Nov. 25, 2008) (noting that "the statutory language of the two sections is essentially the same").

"Early termination is not, however, 'warranted as a matter of course,' and decisions regarding termination and modification are within the discretion of the district court." *United States v. Rosario*, No. 17-CR-27, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015)); *see also United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, at *1 (2d Cir. 1997) (unpublished table decision) ("[T]he determination of early release is a discretionary decision made by the district court." (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997))); *Bastien*, 111 F. Supp. 3d at 321 (reiterating that early termination "is not warranted as a matter of course" (quoting *United States v. Fenza*, No. 03-CR-921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013))).

While a defendant is "not entitled to early termination simply because he has successfully served a portion of his supervised release term," *Sheckley*, 1997 WL 701370, at *2, new or changed circumstances are not required to modify or terminate the conditions of supervision, *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam); *Lussier*, 104 F.3d at 36. "So long as the court, when modifying supervised release conditions, considers the relevant [section] 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Parisi*, 821 F.3d at 347 (citations omitted). A court may consider, for example, whether the defendant's conduct has rendered the term of supervision "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Accordingly, courts in this District have declined to grant early termination based solely on compliance with the terms of probation or supervised release, *see, e.g.*, *United States v. Linick*, No. 13-CR-120, 2023 WL 3570664, at *2 (E.D.N.Y. May 18, 2023); *United States v. Lewis*, No. 13-CR-487, 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020), but have granted motions for early termination in light of rehabilitative efforts and exceptionally good conduct, *see, e.g.*, *United States v. Hutchinson*, 577 F. Supp. 3d 134, 135

(E.D.N.Y. 2021); *United States v. Jiminez*, No. 92-CR-91, 2021 WL 535208, at *1–2 (E.D.N.Y. Feb. 12, 2021); *United States v. Thomas*, 346 F. Supp. 3d 326, 335–36 (E.D.N.Y. 2018); *United States v. Wood*, No. 88-CR-723, 2009 WL 3259422, at *2 (E.D.N.Y. Oct. 8, 2009).

### b.   The Court grants Parmar's motion for early termination of supervision

Parmar requests that the Court grant early termination of supervision and highlights his good conduct and efforts at rehabilitation.  (Def.'s Mot. 1.)  First, "during [his] sentence at Fort Dix, [he] completed the Residential Drug Abuse Program."  (*Id.*)  Second, since his release, he has been "consistently working and completed [t]rade [s]chool in order to become a valuable and productive member in society."  (*Id.*)  In addition, Parmar notes that he has taken courses and attained certifications in construction, information technology, and project management.  (*Id.*)  Third, Parmar argues that his life is "positively changing for the better," because he is "a married man, working as a [u]nion [c]arpenter and [is] working hard to create positive opportunities for [his] family."  (*Id.*)  Finally, Parmar adds that he is "very remorseful for [his] actions," and is "heartbroken for all the individuals [he has] brought grief to," but that he is working hard to "be a great role model for [his] family, friends, and coworkers."[2]  (*Id.*)

Probation "recommends that [the Court] grant the request for early termination of supervision."  (Probation Rep. 3.)  In support, Probation notes that, as of May of 2024, Parmar had "successfully completed 25 months of a 36-month supervised release term," "enrolled in and completed trade school, successfully securing stable employment thereafter," and "completed all court-mandated substance abuse and mental health treatment."  (*Id.* at 1, 3.)  In addition,

---

[2]  In support, counsel for Parmar reiterates Parmar's rehabilitative accomplishments and notes that "Parmar is seeking early termination because the travel restrictions have hampered his ability to continue to foster his familial relationships."  (Consent Mot. 1–2.)  Parmar has not been able to see his elderly grandmother in India, nor has he been able to meet his wife's family, who also reside in India.  (*Id.* at 2.)  In addition, Parmar would like to be able to move outside the city "to somewhere with more affordable housing," in order to start a family.  (*Id.*)

Probation notes that Parmar "has had no adverse contact with law enforcement, has remained arrest-free, and appears to be fully law-abiding." (*Id.* at 3.) Probation further notes that Parmar had "two instances of noncompliance early in his term, specifically, the use of marijuana and opiates on June 14, 2022, and marijuana on July 8, 2022," but has otherwise "fully complied with all of his release conditions, abstained from any new criminal activity, and has seemingly exceeded all goals of supervision." (*Id.* at 1.) "The government also consents to [Parmar's] request." (Consent Mot. 1.)

After considering the section 3553(a) factors specified in section 3583(e)(1), the Court finds that early termination of supervised release is warranted. In particular, the Court is guided by the following factors: (i) "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training," *id.* § 3553(a)(2)(D); and (iii) "the need to provide restitution to any victims of the offense," *id.* § 3553(a)(7). First, Parmar's record on supervision is predominantly positive, and he appears to have taken full advantage of the rehabilitative programming offered to him, including overcoming addiction and attending trade school. Parmar appears to have worked hard to obtain stable employment and to provide for his family. Thus, Parmar's law-abiding conduct under supervision — while expected of him — is bolstered by the additional efforts Parmar has taken to "become a valuable and productive member in society." (Def.'s Mot. 1); *see also* 18 U.S.C. § 3553(a)(1). Second, the Court commends Parmar for receiving vocational training and for obtaining certifications in various trades. Now that Parmar has obtained "a stable career" "as a union carpenter," it seems that Parmar has little need for additional educational or vocational training that could be provided while under supervision. (*See* Consent Mot. 2.) This factor therefore weighs in favor of early termination. *See* 18 U.S.C. § 3553(a)(2)(D). Finally, Parmar has fully "satisfied the $3,642 Order of Restitution, with the

final payment made on August 3, 2023," (Probation Rep. 3), which demonstrates that Parmar has maintained gainful employment, provides a degree of corroboration for Parmar's statements of remorse, (*see* Def.'s Mot. 1), and indicates that supervision is no longer required "to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7).  On balance, the Court is satisfied that continued supervision is unnecessary "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(B)–(C); (*see also* Probation Rep. 3 (noting that both the government and Probation agree that "Parmar does not appear to pose an acute risk to the victim of the instant offense, nor does he pose a threat to the broader community")).

## II.  Conclusion

Having considered the facts, the applicable law, Probation's recommendation, the government's consent, and the relevant 18 U.S.C. § 3553(a) factors, the Court grants Parmar's motion for early termination of supervised release.

Dated: July 10, 2024
      Brooklyn, New York

                          SO ORDERED:


                          _____s/ MKB_____
                          MARGO K. BRODIE
                          United States District Judge